Dean W. LEWIS, Plaintiff and Appellee,

v.

Kenneth KELLNER, Appellant.

No. 25127.

United States Court of Appeals,
Ninth Circuit.

July 2, 1970.

Filipe K. Johansson (argued) Phoenix, Ariz., for plaintiff and appellee.

John H. Pilkington (argued) Wm. W. Morris, of Morris, Walker & Pilkington, Las Vegas, Nev., for appellant.

Before CHAMBERS and MERRILL, Circuit Judges, and PREGERSON, District Judge.

CHAMBERS, Circuit Judge:

Paramount Land Company of Phoenix, Arizona, as a broker, apparently arranged a sale of Nevada land to Kellner, defendant-appellant, by Wilbur Clark of Las Vegas and others. Paramount was to get a commission of $24,000 from the sellers. Paramount seems to have received $12,462.50 in cash and to have taken a fourth deed of trust from Kellner, the buyer for $11,537.50. This adds up to $24,000. (Apparently the security is now worthless and this suit is by Lewis, an assignee but not a holder in due course, against Kellner.)

Defendant asserts he does not have to pay because Paramount was an unlicensed broker in Nevada and such brokers, under Nevada law, cannot collect. Lewis, plaintiff, must contend that Paramount got its full $24,000 and just loaned its money, $11,537.50, back to Kellner, the buyer. (The documents would indicate that Paramount received only $12,462.50 in cash and that the $11,-537.50 was a bookkeeping transaction so far as money was concerned.)

Summary judgment was granted apparently on the basis of admissions of defendant and his failure to admit answers to some questions. But we conclude the documents of the transaction itself show genuine issues of fact when put alongside the pleadings themselves.

Assuming the documents themselves show an uninfected transaction, regular on its face, this is a type of transaction where parol evidence is available to show the true nature of the transaction, just as a deed may be shown to have been intended as a mortgage.

We have here a case that ought to be one triable in a single day. Instead, counsel have reduced the discovery provisions of the Federal Rules of Civil Procedure to the absurd, making many appearances in court to fuss about questions and answers. Counsel on both sides deserve to lose. We do not hold that plaintiff should win. Legal questions still lurk. But we think the case should go to trial.